# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 15-MJ-139-JSS |
| vs. | **ORDER** |
| SARAH MAJID ZEAITER, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Sarah Majid Zeaiter's "Appeal to District Court to Rescind the Magistrate's Detention Order" ("Motion") (docket no. 17).

## II. RELEVANT PROCEDURAL HISTORY

On May 11, 2015, Defendant was charged by Criminal Complaint (docket no. 2) with delivering or providing a package or container to a common carrier without providing written notice that firearms and ammunition were contained therein, in violation of 18 U.S.C. § 922(e), and conspiracy, in violation of 18 U.S.C. § 371. On May 12, 2015, Defendant appeared before the undersigned for an initial appearance. *See* May 12, 2015 Minute Entry (docket no. 9). On May 15, 2015, Defendant appeared before Chief Magistrate Judge Jon S. Scoles for a detention hearing ("Hearing"). *See* May 15, 2015 Minute Entry (docket no. 13). Assistant United States Attorney Richard Murphy represented the government. Defendant appeared personally and was represented by her attorney, Cory Goldensoph. On May 19, 2015, Judge Scoles ordered Defendant detained. *See* Order for Pretrial Detention (docket no. 15). On May 22, 2015, Defendant filed the Motion and Brief in Support of the Motion (docket no. 17-1). On May 27, 2015, the government filed a Resistance (docket no. 18). On May 29, 2015, Defendant filed an

Amended Brief in Support of the Motion (docket no. 20-1). The Motion is fully submitted and ready for decision.

## III. STANDARD OF REVIEW

A motion for revocation of a detention order is governed by 18 U.S.C. § 3145(b), which provides:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). The court reviews a § 3145(b) motion de novo. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985). In certain cases, the court is required to detain defendants prior to trial if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required." 18 U.S.C. § 3142(e). A finding "that no condition or set of conditions . . . will reasonably assure the defendant's appearance" must be supported by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (emphasis omitted).

## IV. ANALYSIS

Defendant argues that Judge Scoles erred in finding that no condition or combination of conditions could reasonably assure Defendant's appearance as required. Specifically, Defendant argues that Judge Scoles did not adequately consider Defendant's family and community ties, that Defendant has a young child that she has been breast feeding and that Defendant is willing to relinquish her passport. *See* Motion at 1.

In response, the government argues that the court should deny the Motion because Judge Scoles's decision to detain is supported by the record. *See* Resistance at 4.

After conducting a de novo review of the entire record, including the transcript of the May 15, 2015 hearing (docket no. 22), the court finds that Judge Scoles's Order for Pretrial Detention accurately and thoroughly sets forth the facts and the law. Despite Defendant's contentions, Judge Scoles properly considered the factors giving rise to detention.

The court agrees with Judge Scoles's conclusion that Defendant should remain detained pending trial because no condition or combination of conditions will reasonably assure Defendant's appearance. The government presented strong evidence at the Hearing that established that Defendant participated in the purchase of several firearms which were subsequently found concealed in containers bound for Lebanon. Defendant is 24 years old, a legal permanent resident, unemployed and lacks substantial ties to the Cedar Rapids community. Defendant was born in Lebanon and has maintained substantial ties there. Defendant resided in Lebanon until coming to the United States two years ago. Defendant's parents and siblings all reside in Lebanon. Defendant also appears to have access to substantial financial resources given the evidence of several large wire transfers from Lebanon. Given this evidence, there is a substantial risk of flight. The court is not persuaded that Defendant's young child reduces Defendant's risk of flight. The court is also not persuaded that seizing Defendant's passport or imposing other conditions will reasonably assure her appearance. Defendant's international connections appear to provide her with the means to flee and a place to go despite not having a passport. Moreover, a passport is not necessary for domestic travel, as the issue is not just one of flight from the country, but risk of any flight and non-appearance at future proceedings. Thus, after considering all of the factors listed at 18 U.S.C. § 3142(g) and for the reasons more fully set forth in the Order for Pretrial Detention, the court finds by a preponderance of the evidence "that no condition or set of conditions . . . will reasonably assure the defendant's appearance." *Orta*, 760 F.3d at 891.

## *V. CONCLUSION*

In light of the foregoing, Defendant Sarah Majid Zeaiter's "Appeal to District Court to Rescind the Magistrate's Detention Order" ("Motion") (docket no. 17) is **DENIED**. Defendant shall remain in the custody of the United States Marshals Service pending further order of the court.

**IT IS SO ORDERED.**

**DATED** this 4th day of June, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA